UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cv-001144-RJC
(3:18-cr-00157-RJC-DCK-3)

| | |
|---|---|
| IMTIAZ SHAREEF, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on initial screening of Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. [CV Doc. 1].[1]

**I.      BACKGROUND**

On April 19, 2018, a federal grand jury indicted Petitioner, along with three co-conspirators, on one count of wire fraud and bank fraud conspiracy in violation of 18 U.S.C. § 1349 (Count One) and one count of money laundering conspiracy in violation of 18 U.S.C. § 1956(h) (Count Two). [CR Doc. 38: Bill of Indictment]. As to Count One, the Indictment charged that, "[f]rom in or about April 2009 through in or about April 2018, … [Petitioner and the co-conspirators] did knowingly … conspire … to commit offenses against the United States, including violations of Title 18, United States Code, Sections 1343 (wire fraud) and 1344 (bank fraud)."[2]

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 3:22-cv-00144-RJC, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 3:18-cr-00157-RJC-DCK-3.

[2] The Indictment set forth the conduct constituting wire and bank fraud in detail. [See CR Doc. 38 at 1-8].

[Id. at 9]. Title 18, Section 1349 provides, "Any person who attempts or conspires to commit any offense under this chapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." 18 U.S.C. § 1349.

Petitioner proceeded to trial and the jury convicted him on both counts. [CR Doc. 97: Jury Verdict]. On Count One, the jury specifically found that "wire fraud, in violation of 18 U.S.C. § 1343" and "bank fraud, in violation of 18 U.S.C. § 1344" were objects of the conspiracy. [Id.]. Petitioner was sentenced to a term of imprisonment of 57 months on each count to be served concurrently. [CR Doc. 159 at 2: Judgment]. Petitioner timely appealed his conviction. [CR Doc. 164: Notice of Appeal]. On appeal, Petitioner argued that "the insurance fraud scheme supporting the wire fraud object of the conspiracy concluded prior to the running of the statute of limitations and, even if the charge was timely, insufficient evidence supported the jury's verdict." United States v. Shareef, 852 Fed. App'x 92, 93 (4th Cir. 2021). He also argued that prior acts evidence was inappropriately admitted against him and that his trial counsel was ineffective for failing to request a "reliance-on-expert" jury instruction." Id. The Fourth Circuit affirmed this Court's judgment. Id. at 95.

On March 30, 2022, Petitioner filed the instant § 2255 motion. [CV Doc. 1]. He makes two claims: (1) prosecutorial misconduct for the Government submitting 18 U.S.C. §§ 1343 and 1344 to support Petitioner's conviction "without submitting such statutes to the grand jury;" and (2) ineffective assistance of trial and appellate counsel for failing to "adequately introduce into the record evidence" showing that Petitioner was indicted only for violations of 18 U.S.C. § 1349 and 18 U.S.C. § 1956 (h), and "allowing the Government to convict or maintain a conviction for Title 18 U.S.C. 1343 and 18 U.S.C. 1344 unconstitutionally." [Id. at 5, 8]. With respect to the first claim, Petitioner contends that "[his] appeal attorney refuse[d] to allow [him] to submit" the issue.

[Id. at 5]. For relief, Plaintiff seeks "that [his] judgement be vacated for it's many due-process violations." [Id. at 12 (errors uncorrected)].

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

### A. Prosecutorial Misconduct

Petitioner argues that the Government "overreach[ed]" by submitting 18 U.S.C. §§ 1343 and 1344 to the jury to support Petitioner's conviction on Count One without submitting these provisions to the grand jury. This argument plainly fails. As set forth above, the Indictment explicitly included violation of 18 U.S.C. § 1343 (wire fraud) and 18 U.S.C. § 1344 (bank fraud) as objects of the conspiracy charged under 18 U.S.C. § 1349. The Verdict Form submitted to the jury mirrored the charges set forth in the Indictment. [See CR Docs. 38, 97]. And, consistent with the Indictment, the jury found that "wire fraud, in violation of 18 U.S.C. § 1343" and "bank fraud, in violation of 18 U.S.C. § 1344" were objects of the conspiracy. There was no prosecutorial misconduct relative to the sufficiency of the Indictment or the way the charges were presented to the jury. The Court will deny and dismiss this claim.[3]

---

[3] Petitioner also procedurally defaulted this claim by failing to raise the issue on appeal. A § 2255 motion is a not a substitute for a direct appeal. See United States v. Linder, 552 F.3d 391, 397 (4th Cir. 2009). Claims of error that could have been raised before the trial court and on direct appeal, but were not, are procedurally barred unless the petitioner shows both cause for the default and actual prejudice, or that he is

3

### B. Ineffective Assistance of Counsel

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. See U.S. CONST. amend. VI. To show ineffective assistance of counsel, Petitioner must first establish a deficient performance by counsel and, second, that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In making this determination, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also United States v. Luck, 611 F.3d 183, 186 (4th Cir. 2010). Furthermore, in considering the prejudice prong of the analysis, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). Under these circumstances, the petitioner "bears the burden of affirmatively proving prejudice." Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008). If the petitioner fails to meet this burden, a "reviewing court need not even consider the performance prong." United States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), opinion vacated on other grounds, 218 F.3d 310 (4th Cir. 2000).

Courts should ordinarily find ineffective assistance of counsel for failure to raise claims on appeal only when "ignored issues are clearly stronger than those presented." Smith v. Robbins, 528 U.S. 288 (2000) (internal citation and quotation omitted). Appellate counsel is not required to assert all non-frivolous issues on appeal. Griffin v. Aiken, 775 F.2d 1226, 1235 (4th Cir. 1985). Rather, "it is the hallmark of effective appellate advocacy" to winnow out weaker arguments and

---

actually innocent of the offense. See Bousley v. United States, 118 S.Ct. 1604, 1611 (1998). While Petitioner here claims that his attorney refused to allow him to appeal this issue, he, nonetheless, does not show prejudice or actual innocence. This claim is, therefore, also dismissed for Petitioner's procedural default.

4

to focus on more promising issues. Smith v. Murray, 477 U.S. 527, 536 (1986). Thus, "[a] decision with respect to an appeal is entitled to the same presumption that protects sound trial strategy." Pruett v. Thompson, 996 F.2d 1560, 1568 (4th Cir. 1993). Additionally, the petitioner still bears the burden of showing that there is a reasonable probability that but for counsel's failure to raise an issue on appeal, the result of the proceeding would have been different; i.e., that he would have prevailed on appeal. See Robbins, 528 U.S. at 285-86.

Petitioner claims that his trial and appellate counsel were deficient for failing to "adequately introduce … evidence" that Petitioner was only charged under 18 U.S.C. § 1349 and 18 U.S.C. § 1956(h), thereby, allowing Petitioner to be "unconstitutionally" convicted under 18 U.S.C. §§ 1343 and 1344. [CV Doc. 1 at 8]. This argument relies on the same fallacy as Petitioner's first claim and it too fails. The Indictment plainly set forth that the objects of the conspiracy were the violation of 18 U.S.C. §§ 1343 and 1344 and Petitioner was convicted accordingly. There was no deficient performance by Petitioner's trial or appellate counsel for their failure to raise or attempt to support a frivolous argument. Moreover, Petitioner has not alleged or shown any prejudice. This claim, therefore, will be dismissed. See Strickland, 466 U.S. at 687-88, 694; see Robbins, 518 U.S. at 285-86.

**IV. CONCLUSION**

For the foregoing reasons, the Court denies and dismisses Petitioner's Section 2255 petition and denies Petitioner's request for counsel.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Doc. 1] is **DENIED** and **DISMISSED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: May 4, 2022

Robert J. Conrad, Jr.
United States District Judge